| | |
|---|---|
| WALTER RILEY, SBN 95919<br>LAW OFFICE OF WALTER RILEY<br>1407 Webster Street, Suite 206<br>Oakland, CA 94612<br>Telephone: (510) 451-1422<br>Facsimile: (510) 451-0406<br>Email: walterriley@rrrandw.com<br><br>DAN SIEGEL, SBN 56400<br>ANNE BUTTERFIELD WEILLS, SBN 139845<br>JANE BRUNNER, SBN 135422<br>SONYA Z. MEHTA, SBN 294411<br>EMILYROSE JOHNS, SBN 294319<br>ANDREW CHAN KIM, SBN 315331<br>SIEGEL, YEE, BRUNNER & MEHTA<br>475 14th Street, Suite 500<br>Oakland, California 94612<br>Telephone: (510) 839-1200<br>Facsimile: (510) 444-6698<br>Email: danmsiegel@gmail.com;<br>abweills@gmail.com;<br>janebrunner@hotmail.com;<br>sonyamehta@siegelyee.com;<br>emilyrose@siegelyee.com;<br>chankim@siegelyee.com | JAMES DOUGLAS BURCH, SBN 293645<br>National Lawyers Guild<br>558 Capp Street<br>San Francisco, CA 94110<br>Telephone: (415) 285-5067 x.104<br>Email: james_burch@nlgsf.org<br><br>Attorneys for Plaintiffs<br>ANTI POLICE-TERROR PROJECT,<br>COMMUNITY READY CORPS,<br>AKIL RILEY, IAN McDONNELL, NICO<br>NADA, AZIZE NGO, and JENNIFER LI |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTI POLICE-TERROR PROJECT, COMMUNITY READY CORPS, AKIL RILEY, IAN McDONNELL, NICO NADA, AZIZE NGO, and JENNIFER LI, on behalf of themselves and similarly situated individuals,<br><br>    Plaintiffs,<br> vs.<br><br>CITY OF OAKLAND, OPD Police Chief SUSAN E. MANHEIMER, OPD Sergeant PATRICK GONZALES, OPD Officer MAXWELL D'ORSO and OPD Officer CASEY FOUGHT,<br><br>    Defendants. | Case No. 3:20-cv-03866-JCS<br><br>**DECLARATION OF ANDREW CHAN KIM IN SUPPORT OF TEMPORARY RESTRAINING ORDER** |

*APTP v. City of Oakland*, No. 3:20-cv-03866-JCS
Declaration of Andrew Chan Kim - 1

I, Andrew Chan Kim, hereby declare:

1. I am an attorney licensed to practice in California and an associate at Siegel, Yee, Brunner & Mehta, attorneys of record for plaintiffs in this matter.

2. The facts stated herein are of my own personal knowledge and if called and sworn as a witness, I could and would completely testify thereto.

3. I make this declaration in support of plaintiffs' Application for a Temporary Restraining Order.

4. The following internet addresses are true and correct links to videos of the OPD and local mutual aid departments using excessive force against peaceful protestors in Oakland, CA and I visited them last on June 17, 2020:

   a. OPD and/or local mutual aid attacking the Black Lives Matter protest on May 29, 2020, with flash grenades and tear gas: https://www.instagram.com/p/CA-vJ5CnDhf/?igshid=1pk96uh6bg4vs.

   b. Bystanders hit with tear gas thrown by police on May 29, 2020: https://twitter.com/ShelleDione/status/1266630695205535745.

   c. The OPD and/or local mutual aid attacking the peaceful crowd of demonstrators walking, on May 29, 2020, with flash grenades and tear gas: https://twitter.com/tacomaboii/status/1266586315845275648.

   d. The OPD and/or local mutual aid attacking the crowd of protesters on May 29, 2020, with flash grenades and tear gas: https://twitter.com/NationalistTV/status/1266612387832004610.

   e. The OPD and/or local mutual aid attacking the crowd of protesters on May 29, 2020, with flash grenades: https://twitter.com/JobinaFortson/status/1266602343170101249.

   f. The OPD and/or local mutual aid shooting tear gas at the crowd of protesters on

May 20, 2020, as the protesters are running away from the tear gas, some screaming, crying, hacking and coughing from the tear gas:

https://twitter.com/goodgalstine/status/1266589495341846529.

  g. The OPD and/or mutual aid deploying tear gas and flash bang grenades at a large crowd of peaceful protestors on May 29, 2020:

https://twitter.com/SovernNation/status/1266592079947239432.

  h. The OPD and/or mutual aid forcing a black couple to be fully prone on the sidewalk on May 29, 2020 at 10:28 p.m.:

https://twitter.com/shane_bauer/status/1266602435507716096.

  i. The OPD and/or mutual aid throwing flash grenades and tear gas at peaceful protesters on May 31, 2020, at 14th and Broadway:

https://twitter.com/streamed_hams/status/1267260852874260480.

  j. The OPD and/or mutual aid throwing tear gas into the crowd of protesters in downtown Oakland on May 29, 2020:

https://twitter.com/shane_bauer/status/1266601434222456832.

  k. The OPD and/or mutual aid attacking protesters from the youth-led protest that began at Oakland Technical High School Student, on June 1, 2020, with flash grenades and tear gas, before the curfew order went into effect:

https://www.reddit.com/r/oakland/comments/gv0hox/so_obviously_it_didnt_go_well_about_4_of_the_same/.

  l. The OPD's twitter account's post on June 1, 2020:

https://mobile.twitter.com/oaklandpoliceca/status/1267669575551709187?s=09.

1  |  5. Attached hereto as Exhibit A is a true and correct copy of the email that attorneys with the National Lawyers Guild sent to police Chief Manheimer, Mayor Schaaf, and other City of Oakland representatives on May 29, 2020.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 17, 2020, at Belmont, California.

Signed: *Andrew Chan Kim*
Andrew Chan Kim

*APTP v. City of Oakland*, No. 3:20-cv-03866-JCS
Declaration of Andrew Chan Kim - 4

# Exhibit A



## Tonight's demonstration
2 messages

**Rachel Lederman** <rlederman@beachledermanlaw.com>　　　　　　　　　　　　　　　Fri, May 29, 2020 at 3:33 PM
To: SManheimer@oaklandca.gov, Dallison@oaklandca.gov, Larmstrong@oaklandca.gov, RHolmgren@oaklandca.gov
Cc: "Parker, Barbara" <BParker@oaklandcityattorney.org>, John Burris <burris@lmi.net>, rochtopcop@aol.com, "jbcofc@aol.com jbcofc@aol.com" <jbcofc@aol.com>, libby4oakland@gmail.com, Kathleen Guneratne <KGuneratne@aclunc.org>

Dear Chief Manheimer, Assistant Chief Allison, Deputy Chiefs, and Mayor Schaaf:
We are writing as *Spalding* Plaintiffs' counsel, and on behalf of the National Lawyers Guild, S.F. Bay Area Chapter, to remind you of the Police Department's and City of Oakland's legal obligation to comply with the OPD Crowd Control Policy in policing anticipated demonstrations in response to the Minneapolis police killing of George Floyd.

The federal court settlement agreements and orders in *Spalding, et al. v. City of Oakland*, C11-02867, and *Campbell, et al. v. City of Oakland*, C11-05498, mandate adherence to the Crowd Control Policy, promulgated as OPD Training Bulletin III-G, and require OPD and the City to meet and confer with Plaintiffs' counsel before making any material change to TB III-G and associated training outlines. The crowd control policy applies to *all* crowd events and crowd situations. It was designed collaboratively with OPD, not only to protect the public from excessive force and other constitutional violations, but to protect the City from incurring needless liability.

Among other things, the Policy sets out the factors the Incident Commander must consider in deciding what control action, if any, will be taken to address a given crowd situation. (¶ V.B.) The Policy prohibits certain weapons and types of force in the crowd context and restricts others. Chemical agents and hand thrown pyrotechnic devices may not be used in crowd events without the approval of the Incident Commander, absent exigent circumstances. (¶ V.H.4.) Hand thrown devices such as CS Blast grenades may not be thrown directly into a crowd. They must be deployed to explode at a safe distance from the crowd to minimize the risk of serious injury. (¶ V.H.5.) Serious burns and permanent hearing loss are some of the injuries that have been sustained when these have been used in Oakland crowds.

Specialty Impact Less-Lethal Munitions (SIM) such as sponge rounds and bean bags may *never* be used for crowd control or dispersal. In a crowd situation, the Policy requires a different standard for SIM than on patrol. SIM may only be used against a specific individual who is engaging in conduct that poses an *immediate threat of loss of life or serious bodily injury* to him or herself, officers, or the general public or who is engaging in substantial destruction of property which creates an *immediate risk to the lives or safety* of other persons. In such instances, SIM shall be used *only* when other means of arrest are unsafe and when the individual can be targeted without endangering other crowd members or bystanders, i.e. when the officer has a clear shot – not in the midst of a crowd. (¶ VI.F.2.) OPD and the City adopted these restrictions to prevent another tragedy like the permanent brain damage sustained by Scott

Olsen, a young veteran who was accidentally struck in the head with a police "bean bag" at a 2011 demonstration. Mr. Olsen received a $4.5 million settlement from the City, but will never regain full mental function.

The Policy also requires that an officer seeking to book a misdemeanor arrestee into jail must have an articulable basis to believe that one of the specified statutory exceptions to mandatory cite and release applies to that individual. This basis must be documented in the police report. The mere fact that further demonstrations are likely to be held in the near future is not a proper basis to apply subdivision (7) of P.C. 853.6 ("reasonable likelihood that the offense may continue or resume") to individual demonstrators. (¶ VIII.D, E.)

The settlement orders mandate regular training on the Crowd Control Policy. The undersigned, along with then-Deputy Chief Downing, trained all OPD Sergeants and Tactical Team members on these policies in 2015. We do not know if this training has been repeated since then but if not, it should be. We are happy to help, but the training should take place with or without us.

Do not hesitate to contact the undersigned for any further information.

Very truly yours,
James B. Chanin
Rachel Lederman, cell 415-350-6496

--
RACHEL LEDERMAN, Attorney at Law  (*she/her/they*)
558 Capp Street, San Francisco, CA 94110
Oakland office at Oakland Law Collaborative: 1736 Franklin St., Ste. 400, Oakland, CA 94612
ph 415-282-9300, fax 510-590-9296
protonmail: rlederman@pm.me
https://www.sfbla.com
https://oaklaw.org