BARBARA J. PARKER, City Attorney, CABN 069722
MARIA BEE, Chief Assistant City Attorney, CABN 167716
DAVID A. PEREDA, Special Counsel, CABN 237982
BRIGID M. MARTIN, Special Counsel, CABN 231705
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-6520, Fax:  (510) 238-6500
Email: dpereda@oaklandcityattorney.org

Attorneys for Defendants
CITY OF OAKLAND, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTI POLICE-TERRO PROJECT, COMMUNITY READY CORPS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.<br><br>Defendants. | Case No. C 20-3866 JCS<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants City of Oakland, Interim Chief S. Manheimer, Sgt. P. Gonzales, Officer M. D'Orso, and Officer C. Fought (collectively, "Defendants") respond to Plaintiffs' Complaint, Dkt. No.1, as follows:

## INTRODUCTION

1. The murder of George Floyd, on the heels of the killings of Ahmaud Arbery and Breonna Taylor and mounting disparities—by race—in health, housing security, and other life outcomes, forced the nation to take a sober view of its insidious structural racism. On May 29, 2020, protests began in earnest in Oakland. They have been powerful and inspiring. Activism is integral to the City's identity. Unfortunately, from May 29 through June 1, there was also devastating violence and destruction, including within the City's most vulnerable communities. Over these days, the City saw five murders, several shootings, and extensive damage in East Oakland, Chinatown, Downtown, and Uptown, straining City resources. To facilitate unplanned protests that quickly swelled, keep peace, and protect public safety, the City relied heavily on mutual aid. Officers faced extraordinarily challenging conditions, especially after nightfall when the exercise of free speech fell and the exploitation of communities spiked.

2. As to Paragraph 2, Defendants deny each and every allegation.

3. As to Paragraph 3, Defendants deny each and every allegation.

4. As to Paragraph 4, Defendants deny each and every allegation.

5. As to Paragraph 5, Defendants deny each and every allegation.

6. As to Paragraph 6, Defendants deny each and every allegation.

7. As to Paragraph 7, Defendants deny each and every allegation.

8. As to Paragraph 8, Defendants deny each and every allegation.

9. As to Paragraph 9, Defendants state that on June 1, 2020, like other cities throughout the Bay Area and state, the County of Alameda and the City declared local emergencies and issued curfew orders. Except as expressly admitted, Defendants deny each and every allegation.

10. As to Paragraph 10, Defendants deny each and every allegation.

11. As to Paragraph 11, Defendants deny each and every allegation.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation.

13. Paragraph 13 attempts to characterize Plaintiffs' lawsuit; no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation.

## JURISDICTION AND VENUE

14. As to Paragraph 14, Defendants assert that the Court has jurisdiction over this action.

15. As to Paragraph 15, Defendants assert that venue is proper.

## PARTIES

16. As to Paragraph 16, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

17. As to Paragraph 17, Defendants deny each and every allegation.

18. As to Paragraph 18, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

19. As to Paragraph 19, Defendants deny each and every allegation.

20. As to Paragraph 20, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

21. As to Paragraph 21, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

22. As to Paragraph 22, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

23. As to Paragraph 23, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

24. As to Paragraph 24, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations and therefore deny them.

26. As to Paragraph 25, Defendants admit the allegations.

26. As to Paragraph 26, Defendants state that the City is responsible for establishing Oakland Police Department's ("OPD's") policies and training OPD officers on those policies. Except as expressly admitted, Defendants deny each and every allegation.

27. As to Paragraph 27, Defendants deny each and every allegation.

28. As to Paragraph 28, Defendants state that during the material times in this case, Interim Chief S. Manheimer is OPD's Interim Chief of Police and was acting under the color of law and within the course and scope of her employment. Except as expressly admitted, Defendants deny each and every allegation.

29. As to Paragraph 29, Defendants state that during the material times in this case, Sergeant Gonzales was acting under the color of law and within the course and scope of his employment as an OPD officer. Except as expressly admitted, Defendants deny each and every allegation.

30. As to Paragraph 30, Defendants state that during the material times in this case, Officer D'Orso was acting under the color of law and within the course and scope of his employment as an OPD officer. Except as expressly admitted, Defendants deny each and every allegation.

31. As to Paragraph 31, Defendants state that during the material times in this case, Officer Fought was acting under the color of law and within the course and scope of his employment as an OPD officer. Except as expressly admitted, Defendants deny each and every allegation.

32. As to Paragraph 32, Defendants deny each and every allegation.

33. As to Paragraph 33, Defendants deny each and every allegation.

34. As to Paragraph 34, Defendants deny each and every allegation.

35. As to Paragraph 35, Defendants deny each and every allegation.

36. As to Paragraph 36, Defendants deny each and every allegation.

37. As to Paragraph 37, Defendants state that during the material times in this case, the named OPD officers were acting under color of law and within the course and scope of their employment. Except as expressly admitted, Defendants deny each and every allegation.

## PLAINTIFFS' FACTUAL ALLEGATIONS

38. As to Paragraph 38, Defendants state that on May 25, 2020, George Floyd was murdered.

39. As to Paragraph 39, Defendants state that Oakland has a long and proud tradition of protests in the name of social justice issues, including police reform.

40. As to Paragraph 40, Defendants state that there is a pandemic due to COVID-19. Since March 2020, the County of Alameda Public Health Officer has issued orders related to the pandemic.

41. As to Paragraph 41, Defendants state that on May 29, 2020, Rachel Lederman sent an email to Chief Manheimer and other City leaders concerning anticipated protests and OPD's crowd management policy. Except as expressly admitted, Defendants deny each and every allegation.

42. As to Paragraph 42, Defendants state that on May 29, 2020, there were peaceful protests as well as various acts of violence and destruction throughout Oakland. Except as expressly admitted, Defendants deny each and every allegation.

43. As to Paragraph 43, Defendants deny each and every allegation.

44. As to Paragraph 44, Defendants deny each and every allegation.

45. As to Paragraph 45, Defendants deny each and every allegation.

46. As to Paragraph 46, Defendants deny each and every allegation.

47. As to Paragraph 47, Defendants deny each and every allegation.

48. As to Paragraph 48, Defendants deny each and every allegation.

49. As to Paragraph 49, Defendants deny each and every allegation.

50. As to Paragraph 50, Defendants deny each and every allegation.

1  51.  As to Paragraph 51, Defendants deny each and every allegation.

2  52.  As to Paragraph 52, Defendants deny each and every allegation.

3  53.  As to Paragraph 53, Defendants deny each and every allegation.

4  54.  As to Paragraph 54, Defendants state that on June 1, 2020, there was a large, inspiring protest at Oakland Technical High School.

6  55.  As to Paragraph 55, Defendants state that on June 1, 2020, there was a large, inspiring protest at Oakland Technical High School. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

10  56.  As to Paragraph 56, Defendants state that on June 1, 2020, there was a large, inspiring protest at Oakland Technical High School. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

14  57.  As to Paragraph 57, Defendants state that on June 1, 2020, before 8:00 p.m., there were protests near the Police Administration Building and persons embedded within protestors threw items at officers. Except as expressly admitted, Defendants deny each and every allegation.

18  58.  As to Paragraph 58, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

21  59.  As to Paragraph 59, Defendants deny each and every allegation.

22  60.  As to Paragraph 60, Defendants deny each and every allegation.

23  61.  As to Paragraph 61, Defendants deny each and every allegation.

24  62.  As to Paragraph 62, Defendants state that on June 1, 2020, OPD officers cited persons for violating the City's curfew order. Except as expressly admitted, Defendants deny each and every allegation.

27  63.  As to Paragraph 63, Defendants deny each and every allegation.

28  64.  As to Paragraph 64, Defendants deny each and every allegation.

65. As to Paragraph 65, Defendants deny each and every allegation.

66. As to Paragraph 66, Defendants state that the OPD's crowd management and crowd control policy is set forth in Training Bulletin III-G (2013). Except as expressly admitted, Defendants deny each and every allegation.

67. As to Paragraph 67, Defendants deny each and every allegation.

68. As to Paragraph 68, Defendants deny each and every allegation.

69. As to Paragraph 69, Defendants deny each and every allegation.

70. As to Paragraph 70, Defendants state the from May 29, 2020 through June 1, 2020, OPD relied on mutual aid partners to assist with crowd control, violence, and destruction throughout Oakland. OPD worked with mutual aid partners in accordance with Training Bulletin III-G. Except as expressly admitted, Defendants deny each and every allegation.

71. As to Paragraph 71, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

72. As to Paragraph 72, Defendants deny each and every allegation.

73. As to Paragraph 73, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations that "Plaintiff Akil Riley is 19 years old, grew up in Oakland, and now attends Howard University. At the May 29, 2020, protest, a flashbang grenade hit him;" Defendants therefore deny these allegations. Defendants deny each and every remaining allegation.

74. As to Paragraph 74, Defendants deny each and every allegation.

75. As to Paragraph 75, Defendants deny each and every allegation.

76. As to Paragraph 76, Defendants deny each and every allegation.

77. As to Paragraph 77, Defendants deny each and every allegation.

78. As to Paragraph 78, Defendants deny each and every allegation.

79. As to Paragraph 79, Defendants deny each and every allegation.

## PLAINTIFFS' CLASS ALLEGATIONS

80. As to Paragraph 80, Defendants deny each and every allegation.

1  81. As to Paragraph 81, Defendants deny each and every allegation.
2  82. As to Paragraph 82, Defendants deny each and every allegation.
3  83. As to Paragraph 83, Defendants deny each and every allegation.
4  84. As to Paragraph 84, Defendants deny each and every allegation.
5  85. As to Paragraph 85, Defendants deny each and every allegation.
6  86. Paragraph 86 contains a purported legal characterization to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation.
9  87. As to Paragraph 87, Defendants deny each and every allegation.
10 88. As to Paragraph 88, Defendants deny each and every allegation.
11 89. As to Paragraph 89, Defendants deny each and every allegation.
12 90. As to Paragraph 90, Defendants deny each and every allegation.
13 91. As to Paragraph 91, Defendants deny each and every allegation.
14 92. As to Paragraph 92, Defendants deny each and every allegation.
15 93. As to Paragraph 93, Defendants deny each and every allegation.

**PLAINTIFFS' FIRST CLAIM**

94. As to Paragraph 94, Defendants incorporate their responses to the preceding paragraphs as though fully set forth.
95. As to Paragraph 95, Defendants deny each and every allegation.
96. As to Paragraph 96, Defendants deny each and every allegation.

**PLAINTIFFS' SECOND CLAIM**

97. As to Paragraph 97, Defendants incorporate their responses to the preceding paragraphs as though fully set forth.
98. As to Paragraph 98, Defendants deny each and every allegation.
99. As to Paragraph 99, Defendants deny each and every allegation.

**PLAINTIFFS' THIRD CLAIM**

100. As to Paragraph 100, Defendants incorporate their responses to the preceding paragraphs as though fully set forth.

101. As to Paragraph 101, Defendants deny each and every allegation.

102. As to Paragraph 102, Defendants deny each and every allegation.

**PLAINTIFFS' FOURTH CLAIM**

103. As to Paragraph 103, Defendants incorporate their responses to the preceding paragraphs as though fully set forth.

104. As to Paragraph 104, Defendants deny each and every allegation.

105. As to Paragraph 105, Defendants deny each and every allegation.

106. As to Paragraph 106, Defendants deny each and every allegation.

107. As to Paragraph 107, Defendants deny each and every allegation.

108. As to Paragraph 108, Defendants deny each and every allegation.

**PLAINTIFFS' CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**

109. As to Paragraph 109, Defendants deny each and every allegation.

**PLAINTIFFS' CLAIM FOR DAMAGES**

110. As to Paragraph 110, Defendants deny each and every allegation

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the Complaint, and each cause of action asserted in it, Defendants state as follows:

**First Affirmative Defense (Qualified/Absolute Immunity):** The doctrines of qualified and/or absolute immunity bar each of Plaintiffs' federal claims.

**Second Affirmative Defense Affirmative Defense (Statute of Limitations)**: The causes of action in the Complaint are barred by the applicable statutes of limitation, including Government Code section 945.6 and California Code of Civil Procedure section 335.1.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they are appropriate.

**PRAYER**

**WHEREFORE**, Defendants pray that:

1. Plaintiffs take nothing by their Complaint;
2. The City has judgment against Plaintiffs;
3. The City be awarded its costs of suit; and
4. For such other and further relief as the Court may deem proper.

Dated: August 3, 2020          Respectfully submitted,

BARBARA J. PARKER, City Attorney
DAVID A. PEREDA, Special Counsel

By:      /s/ David Pereda
Attorneys for Defendant
CITY OF OAKLAND