UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTI POLICE-TERROR PROJECT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No. 20-cv-03866-JCS<br><br>**PREHEARING ORDER REGARDING MOTION TO ENFORCE AND CROSS-MOTION TO MODIFY PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 63, 66 |

On Tuesday, October 27, 2020, at 3:00 PM via Zoom webinar, the Court will hold a hearing on Plaintiffs' motion to enforce the preliminary injunction (dkt. 63) and Defendants' motion to modify it (dkt. 66).

Plaintiffs failed to include a proposed order with their motion as required by Civil Local Rule 7-2(c). While the Court has not yet determined whether any relief is warranted, it is not clear from that motion exactly what relief Plaintiffs seek. Plaintiffs are therefore ORDERED to file a proposed order no later than Wednesday, October 21, 2020, stating the relief they seek. That proposed order shall not include argument or analysis.

The Court has reviewed Defendants' motion and Plaintiffs opposition to it (dkt. 67), but it has not yet determined whether any modifications to the preliminary injunction are warranted. If the Court ultimately modifies the injunction, it is inclined to do so narrowly. In the interest of identifying the narrowest possible modifications that might alleviate the concerns raised by the City of Oakland regarding mutual aid , the Court ORDERS as follows:

1. The evidence submitted by Defendants does not clarify the *specific* provisions of the injunction that have caused the mutual aid partners to withhold mutual aid. *See* dkt. 66-3–66-9. The City of Oakland shall meet and confer with its mutual aid partners to identify:

(1) the specific provisions of injunction to which they object; and (2) the specific narrowest possible modifications that would secure their commitment to provide mutual aid.

2. In their opposition to Defendants' motion, Plaintiffs argue that "[t]he Master Mutual Aid Agreement requires that localities . . . render mutual aid in accordance with local plans," dkt. 67 at 7, and that "Oakland's long existing 'official [P]olicy' requires that the [Oakland Police Department] 'shall be responsible for *ensuring to the extent possible* that mutual aid agencies" are briefed on and comply with specified policies and requirements. *Id.* at 8 (quoting Dkt. 52-1 at 4, 23) (italics added). The parties shall meet and confer to discuss the significance of the distinction between the language of Section IX of the Oakland Police Department's Crowd Control and Crowd Management Policy and the language of Section VI of the preliminary injunction. *See* dkt. 52-1 at * 6 ("The OPD Incident Commander shall be responsible for *ensuring* that the requirements listed below are met by mutual aid agencies providing assistance to [the Oakland Police Department] under a mutual aid agreement . . . .") (italics added). The parties should also discuss the possibility of modifying the language of the injunction to match that of the Crowd Control Policy in this respect, or any other changes that might resolve the dispute regarding mutual aid.

3. The parties shall file a report with the Court no later than Thursday, October 22, 2020. Based on the responses it receives from its mutual aid partners, the City of Oakland shall propose to the Court only the narrowest modifications that it believes to be necessary for it to secure sufficient commitments of mutual aid.

**IT IS SO ORDERED.**

Dated: October 19, 2020

JOSEPH C. SPERO
Chief Magistrate Judge