UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTI POLICE-TERROR PROJECT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No. 20-cv-03866-JCS<br><br>**REQUEST FOR SUPPLEMENTAL JOINT BRIEF RE STIPULATION TO CERTIFY CLASS**<br><br>Re: Dkt. No. 139 |

Although the parties have stipulated to certify a class under Rule 23(b)(2), the Court bears an independent responsibility to determine whether each Rule 23 requirement is satisfied before certifying a class. *Zinser v. Accufix Research Inst., Inc*., 253 F.3d 1180, 1186 (9th Cir. 2001) ("Before certifying a class, the trial court must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23."). In its Order Denying Motion for Class Certification Without Prejudice (dkt. 124), the Court found that Plaintiffs' proposed class definition did not satisfy the commonality and typicality requirements or the requirements of Rule23(b)(2).  Among other things, the Court expressed concern that the class was not limited to peaceful protestors and that it included individuals subjected to munitions deployed by both OPD and mutual aid partners.  The Court also found that it was not clear any named plaintiff was subjected to munitions deployed by mutual aid partners rather than OPD officers or that all of the uses of tear gas to which class members were subjected were the result of a common policy or course of conduct at the command staff level.

The Court requests that by **January 28, 2022,** the parties submit a joint brief addressing

why their proposed class definition meets the requirements of Rule 23 and addressing the specific concerns set forth by the Court in its order denying class certification.  The parties may seek an extension of this date for good cause.

**IT IS SO ORDERED.**

Dated:  January 10, 2022

JOSEPH C. SPERO
Chief Magistrate Judge