| | |
|---|---|
| WALTER RILEY, SBN 95919<br>LAW OFFICE OF WALTER RILEY<br>1407 Webster Street, Suite 206<br>Oakland, CA 94612<br>Telephone: (510) 451-1422<br>Facsimile: (510) 451-0406<br>Email: walterriley@rrrandw.com<br><br>DAN SIEGEL, SBN 56400<br>ANNE BUTTERFIELD WEILLS, SBN 139845<br>JANE BRUNNER, SBN 135422<br>SONYA Z. MEHTA, SBN 294411<br>EMILYROSE JOHNS, SBN 294319<br>ANDREW CHAN KIM, SBN 315331<br>SIEGEL, YEE, BRUNNER & MEHTA<br>475 14th Street, Suite 500<br>Oakland, California 94612<br>Telephone: (510) 839-1200<br>Facsimile: (510) 444-6698<br>Email: danmsiegel@gmail.com;<br>abweills@gmail.com;<br>janebrunner@hotmail.com;<br>sonyamehta@siegelyee.com;<br>emilyrose@siegelyee.com;<br>chankim@siegelyee.com | JAMES DOUGLAS BURCH, SBN 293645<br>National Lawyers Guild<br>558 Capp Street<br>San Francisco, CA 94110<br>Telephone: (415) 285-5067 x.104<br>Email: james_burch@nlgsf.org<br><br>Attorneys for Plaintiffs<br>ANTI POLICE-TERROR PROJECT,<br>COMMUNITY READY CORPS,<br>AKIL RILEY, IAN McDONNELL, NICO<br>NADA, AZIZE NGO, and JENNIFER LI |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTI POLICE-TERROR PROJECT, COMMUNITY READY CORPS, AKIL RILEY, IAN McDONNELL, NICO NADA, AZIZE NGO, and JENNIFER LI, on behalf of themselves and similarly situated individuals,<br><br>        Plaintiffs,<br>  vs.<br><br>CITY OF OAKLAND, OPD Police Chief SUSAN E. MANHEIMER, OPD Sergeant PATRICK GONZALES, OPD Officer MAXWELL D'ORSO and OPD Officer CASEY FOUGHT,<br><br>        Defendants. | Case No. 3:20-cv-03866-JCS<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER TO CERTIFY CLASS** |

1  WHEREAS, on April 30, 2021, the plaintiffs moved the Court for its order certifying this case as a class action (Dkt. #96); and

WHEREAS, the plaintiffs supported their motion for class certification with evidence and citations to the Court's rulings in this case (Dkt. ##14 (Kim Declaration), 24 (Hruby Declaration), 25 (Atherholt Declaration), 33 (Court's Order Granting Temporary Restraining Order), 54 (Court's Order granting preliminary injunction), 83 (Court's Order), 96 (Declarations in support of motion for class certification); and

WHEREAS, on October 18, 2021, the Court issued its Order denying plaintiffs' motion for class certification without prejudice (Dkt. 124); and

WHEREAS, in its Order denying class certification without prejudice, the Court stated, "Therefore, the Court concludes that this requirement [commonality] is not satisfied, though it is likely Plaintiffs will be able to cure this deficiency by narrowing the class definition and/or creating subclasses." (Dkt. #124, 9:13-15), and "Therefore, the Court finds that the typicality requirement is not satisfied with respect to the proposed class as currently defined. It is likely these defects can be remedied, however, by limiting the class definition and/or finding a named plaintiff who was injured by tear gas deployed by a mutual aid partner." (Id., 10:15-18); and

WHEREAS, the parties have diligently negotiated to reach agreement on a class definition that complies with the Court's Order.

ACCORDINGLY, the parties hereby stipulate and request that the Court order that this case may proceed as a class action under FRCP 23(b)(2) as follows:

This case shall be certified as a class action under F.R.C.P. 23(b)(2). The class certified shall be defined as "all persons injured by tear gas deployed by the Oakland Police Department or its mutual aid partners during the George Floyd protests on May 29-31, and June 1, 2020, while protesting peacefully in the City of Oakland, with respect to their claims against the City of Oakland for violations of their rights under the First Amendment, Fourth Amendment (excessive force), and Fourteenth Amendment to the United States Constitution and their state law claims of assault and battery, negligence, and violation of the Bane Act (Civil Code § 52.1)."

The class representatives are Akil Riley, Maria Gisella Ramirez, Michael Cooper, Leila Mottley, Christine Stewart, Tayah Stewart, Qiaochu Zhang, and Jonathan Farmer. Plaintiffs' counsel are Siegel, Yee, Brunner & Mehta, Walter Riley, and James Burch.

Plaintiffs seek the following injunctive relief on behalf of the class:

a. Except as expressly modified below, OPD shall follow the provisions of Training Bulletin III-G, OPD Crowd Control and Crowd Management (2013) in all respects, including but not limited to the provisions of Section IX, "Mutual Aid & Multi-Agency Coordination." In addition to the information and materials specified therein for distribution to mutual aid agencies, OPD will provide copies of the permanent injunctive relief ordered in this matter to all such agencies. OPD shall not change the provisions of Training Bulletin III-G without the consent of plaintiffs.

b. Each OPD officer and each officer of Oakland's mutual aid partners shall wear a badge, nameplate, or other device on the outside of his or her uniform or helmet that bears the identification number or name of the officer as required by Penal Code § 830.10, at all times while engaged in law enforcement activities in connection with any protest or demonstration.

c. Each OPD officer and each officer of Oakland's mutual aid partners shall utilize a Personal Digital Recording Device (PDRD) and shall have that device activated and recording at all times while engaged in law enforcement activities in connection with any protest or demonstration.

d. No OPD officer or officer of Oakland's mutual aid partners shall use a motorcycle, police vehicle, dog, or horse for crowd control or dispersal. Motorcycles, police vehicles, and horses may be used for purposes of observation, visible deterrence, traffic control, transportation, and area control during law enforcement activities in connection with any protest or demonstration.

e. No OPD officer or officer of Oakland's mutual paid partners shall use stinger grenades, wooden bullets, rubber or rubber coated bullets, pepper balls, or similar munitions.

f. No OPD officer or officer of Oakland's mutual paid partners shall use tear gas or other chemical agents, including orthochlorobenzalmalononitrile, for purposes of crowd control or crowd dispersal.

g. No OPD officer or officer of Oakland's mutual paid partners shall use Direct Fired Specialty Impact Less-Lethal Munitions (SIM) for purposes of crowd control or crowd dispersal.

h. Beginning no later than 90 days after an order issuing permanent injunctive relief, and no less than annually thereafter, OPD shall conduct a special training session

for the Chief of Police, all Deputy and Assistant Chiefs, Incident Commanders, Operations Commanders, and Tango Team members concerning Training Bulletin III-G and the injunctive relief ordered by the Court. Plaintiffs' counsel shall be provided the opportunity to provide input into the curriculum for the special training sessions and to attend those sessions.

    i.    Beginning no later than 90 days after an order issuing permanent injunctive relief, and no less than annually thereafter, OPD shall conduct a special training session for all officers who may be assigned to participate in law enforcement duties in connection with protests and demonstrations on the proper writing of incident reports. That training shall include explicit prohibition on the use of boilerplate and inaccurate or misleading language in such reports. Plaintiffs' counsel shall be provided the opportunity to provide input into the curriculum for the special training sessions and to attend those sessions.

Plaintiffs will not present evidence at trial of incidents involving the use of tear gas where no named plaintiff was present.

Defendants reserve the right to move to decertify the class at a later time.

IT IS SO STIPULATED.

Dated: January 6, 2022

    SIEGEL, YEE, BRUNNER & MEHTA

    By:    */s/ Dan Siegel*
          Dan Siegel

    Attorneys for Plaintiffs
    ANTI POLICE-TERROR PROJECT,
    COMMUNITY READY CORPS,
    AKIL RILEY, IAN McDONNELL, NICO NADA, AZIZE NGO, and JENNIFER LI

    OAKLAND CITY ATTORNEY'S OFFICE

    By:    */s/ Kevin McLaughlin*
          Kevin McLaughlin

    Attorneys for Defendants
    CITY OF OAKLAND, *et al.*

# [~~PROPOSED~~] ORDER

Good cause showing, this action shall proceed as a class action under FRCP Rule 23(b)(2). The class certified is defined as follows:

"All persons injured by tear gas deployed by the Oakland Police Department or its mutual aid partners during the George Floyd protests on May 29-31, and June 1, 2020, while protesting peacefully in the City of Oakland, with respect to their claims against the City of Oakland for violations of their rights under the First Amendment, Fourth Amendment (excessive force), and Fourteenth Amendment to the United States Constitution and their state law claims of assault and battery, negligence, and violation of the Bane Act (Civil Code § 52.1)."

The class representatives are plaintiffs Akil Riley, Maria Gisella Ramirez, Michael Cooper, Leila Mottley, Christine Stewart, Tayah Stewart, Qiaochu Zhang, and Jonathan Farmer. Class counsel are Siegel, Yee, Brunner & Mehta, Walter Riley, and James Burch.

IT IS SO ORDERED

Dated: ~~January~~ February  1 , 2022

_____
Hon. Joseph C. Spero
United States Magistrate Judge

*APTP v. City of Oakland*, No. 3:20-cv-03866-JCS
Stipulation and Proposed Order - 5