United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTI POLICE-TERROR PROJECT, et al.,
Plaintiffs,

v.

CITY OF OAKLAND, et al.,
Defendants.

Case No. 20-cv-03866-JCS

**ORDER GRANTING PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS**

Re: Dkt. Nos. 182, 184

## INTRODUCTION

This case arises out of the class action complaint filed by plaintiffs Anti Police-Terror Project, Community Ready Corps, and 27 individuals against defendants City of Oakland and officials of the Oakland Police Department (OPD) regarding police conduct during demonstrations in Oakland on May 29-June 1, 2020, to protest the murder of George Floyd by officers of the Minneapolis Police Department. ECF 1. Plaintiffs sought injunctive relief to restrict the use of chemical weapons and other non-lethal weapons by OPD during protest activity, to strengthen the role of the OPD in supervising and monitoring the actions of other law enforcement agencies called to assist OPD under mutual aid policies, and damages for the individual plaintiffs.

All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). ECF 7; ECF 9.

On September 15, 2022, the Court granted preliminary approval of the Class Action Settlement and directed plaintiffs to provide notice of the settlement to the Class according to the notice plan. ECF 181.

United States District Court
Northern District of California

This matter then came on for hearing on plaintiffs' unopposed motions for final approval of the class action settlement (ECF 184) and for attorneys' fees and costs (ECF 182) on December 16, 2022, at 9:30 a.m. Plaintiffs Anti Police-Terror Project, Community Ready Corps, *et al.,* were represented by Dan Siegel of Siegel, Yee, Brunner & Mehta. Defendants City of Oakland, *et al.,* were represented by Kevin McLaughlin of the Office of the Oakland City Attorney.

Having considered plaintiffs' motions for final approval and for attorneys' fees and costs, defendants' non-opposition to the motions, and the records, pleadings and files in this case, and for good cause shown,

IT IS HEREBY ORDERED AS FOLLOWS:

## I. THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE.

To approve a class action settlement under Federal Rule of Civil Procedure 23(e), a court must find the settlement "fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). In assessing the proposed settlement, the court may consider: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.* at 1026. The Court finds the Class Action Settlement fair, adequate, and reasonable in light of these factors.

First, the settlement agreement reflects the strength of plaintiffs' case as well as the defendants' position. The parties extensively evaluated the merits of the case and their positions, and settlement at this time will avoid substantial costs to all parties and avoid the delay and risks presented by further litigation. The Court is also satisfied that the settlement agreement was reached after intensive and prolonged arm's length negotiations by capable counsel under the supervision of Magistrate Judge Laurel Beeler. Counsel and parties met with Judge Beeler on July 14, 2020, December 10, 2021, January

United States District Court
Northern District of California

13, 2022, and April 14, 2022. The settlement agreement is not a product of fraud, overreaching, or collusion among the parties. *Id.* at 1027.

Second, the extent of plaintiffs' investigation of the facts and legal issues underlying this case, the extensive discovery completed, and the stage of proceedings support approval. On June 17, 2020, plaintiffs moved for a temporary restraining order (ECF 13), supporting their motion with the declarations of Andrew Chan Kim (ECF 14), Sarah Belle Lin (ECF 15), Qiaochu Zhang (ECF 16), Niko Nada (ECF 17), Melissa Miyara (ECF 18), Liam Cain (ECF 19), Leila Mottley (ECF 20), Jennifer Li (ECF 21), Ian McDonnell (ECF 22), Dr. Peter Sporn (ECF 23), Erica Hruby (ECF 24), Christa Atherholt (ECF 25), Cat Brooks (ECF 26), and Anne Kelson (ECF 27). The parties engaged in extensive discovery, including the production of many hours of body worn camera footage and other video footage pertaining to the demonstrations of May 29 – June 1, 2020; production of voluminous additional documents by defendant City of Oakland; production of medical records and other records supporting the claims of plaintiffs; and other written discovery. The parties took 36 depositions to prepare for trial. Defendants deposed all 27 individual plaintiffs and the representatives of organizational plaintiffs Anti Police-Terror Project and Community Ready Corps. Plaintiffs deposed seven OPD officials. Plaintiffs reviewed tens of thousands of pages of documents produced by the City of Oakland and approximately 85 hours of videotapes obtained from the City and other sources. The discovery process has been thorough.

Third, plaintiffs sued for injunctive relief, and the resultant settlement agreement provides substantial changes to the policies and procedures of the Oakland Police Department. Some of the agreement's benefits for class members are: (1) The terms of the agreement will be incorporated into a permanent injunction; (2) The injunction includes provisions for expedited resolution of claims made over the next five years that the injunction has been violated; (3) The injunction includes significant restrictions on the use of tear gas and other chemical weapons against persons involved in protest activity; (4) The injunction forbids the use of multiple types of nonlethal weapons against persons

United States District Court
Northern District of California

involved in protest activities; and (5) The injunction requires that the Oakland Police Department supervise and monitor the weapons used, tactics, and activities of mutual aid police agencies.

The Court certified a class defined as "all persons injured by tear gas deployed by the Oakland Police Department or its mutual aid partners during the George Floyd protests on May 29-31, and June 1, 2020, while protesting peacefully in the City of Oakland, with respect to their claims against the City of Oakland for violations of their rights under the First Amendment, Fourth Amendment (excessive force), and Fourteenth Amendment to the United States Constitution and their state law claims of assault and battery, negligence, and violation of the Bane Act (Civil Code § 52.1)." ECF 149.

The comprehensive injunctive relief provided by the settlement will benefit all class members and the public at large and weighs strongly in favor of approval.

Fourth, the views of class counsel, experienced police practice class action and individual case litigators, weighs in favor of final approval. Class counsel have conducted an extensive investigation into the factual and legal issues raised in this action and endorse the settlement agreement as fair, adequate, and reasonable.

**II. NOTICE DISTRIBUTION WAS APPROPRIATE.**

The Court finds that class counsel distributed notice in a manner and form consistent with the Court's Order grating preliminary approval of the settlement and meets the requirements of due process and Federal Rule of Civil Procedure 23.

No class member has filed an objection to the Class Action Settlement.

**III. MOTION FOR ATTORNEYS' FEES**

This class action is certified pursuant to Federal Rule of Civil Procedure 23(b)(2). Thus, the Court may award attorneys' fees and costs under Rule 23(h). Plaintiffs are "prevailing parties" under 42 U.S.C § 1983 and "successful parties" under Cal. Code Civ. Proc. § 1021.5. An attorneys' fees award is appropriate under the state law and federal fee-shifting statutes. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002).

Plaintiffs are represented by class counsel at Siegel, Yee, Brunner & Mehta and Walter Riley. Class counsels' requested rates are in line with market rates in the San Francisco Bay Area for work of similar complexity by attorneys of similar skills and experience. Class counsel are experienced in litigating class actions and other complex civil matters in state and federal courts.

The hourly rates sought by class counsel are substantially lower than the hourly rates approved by Judge Illston in *Ridgeway v. Wal-Mart Stores,* N.D. Cal. 08-cv-0932 (2017) and the *Laffey Matrix* that has been utilized in establishing the hourly rates for counsel in a number of cases throughout the country. See, for example, *DL v. District of Columbia* 267 F.Supp.3d 55, 69 (D.D.C. 2017).

Additionally, class counsel exercised their discretion by substantially reducing the number of hours for which they seek compensation. Plaintiffs' counsel initially presented their demand for attorneys' fees and costs to defendants in the amount of $1,548,200 for fees representing 3459 hours of work by attorneys and paralegals and $33,045 for costs, for a total of $1,581,245, on May 23, 2022. Counsel agreed to reduce their fee demand by 20 percent and then agreed to further reductions to bring the total for fees and costs to $1,200,000, a reduction of 24 percent from their original demand. They also waived additional fees incurred following the presentation of their demand, including in the proceedings to win approval of the settlement.

Class counsel and the defendants agreed on an award of reasonable attorneys' fees and costs in the amount of $1,200,000, which encompasses all attorneys' fees and costs incurred in connection with this action, including the claims of the individual plaintiffs. Class counsel and the Oakland City Attorney's Office engaged in vigorous, arm's-length, and non-collusive negotiations over the amount of attorneys' fees and costs, and both sides substantially modified their positions in the course of such negotiations.

The time class counsel devoted to this case was appropriate given the length, intensity, and nature of the litigation. In calculating their fees, class counsel exercised billing judgments and reduced their lodestar. They have continued to exercise billing

United States District Court
Northern District of California

judgment for the work performed through the present and do not seek fees for work performed since their fee agreement with defendants. The Court finds these billing judgment reductions reasonable and appropriate. Class counsel is also entitled to recover the costs advanced to bring this litigation on behalf of the class.

**CONCLUSION**

(1) The Court GRANTS final approval of the Settlement Agreement and ORDERS the parties to comply with its terms.

(2) Pursuant to paragraph 5.3 of the Settlement Agreement, the Court shall issue the Permanent Injunction described therein, and retains jurisdiction to enforce the terms of the Permanent Injunction for a period of five years from the date of this Order.

(3) Defendants are ORDERED to pay class counsel $1,200,000.00 for reasonable attorneys' fees and costs pursuant to paragraph 6.4 of the Settlement Agreement.

(4) Pursuant to the agreement of the parties, the claims of all of the plaintiffs except for the claims of Ashwin Rupan and the damages claims of Lindsey Morris are DISMISSED with prejudice as to individual defendants SUSAN E. MANHEIMER, PATRICK GONZALES, MAXWELL D'ORSO and CASEY FOUGHT. Said defendants shall bear their own attorneys' fees and costs as to the dismissed claims.

**IT IS SO ORDERED.**

Dated: December 19, 2022

JOSEPH C. SPERO
Chief Magistrate Judge