UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTI POLICE-TERROR PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OAKLAND, et al., <br><br> Defendants. | Case No. 20-cv-03866-JCS <br><br> **PERMANENT INJUNCTION** |

In accordance with the Court's December 19, 2022, Order finally approving the parties' Class Action Settlement and pursuant to the agreement of the parties, the Court ENTERS the following Permanent Injunction against defendant CITY OF OAKLAND. The Preliminary Injunction previously issued (ECF 54, ECF 82) shall have no further force or effect.

1. **Continuing Jurisdiction**: Compliance with this Permanent Injunction shall be subject to the Court's continuing jurisdiction for a period of five years. During that period, in the event that any party asserts that another party is failing or has failed to abide by the terms of this Order, the parties shall promptly enter into discussions in an effort to resolve that dispute. If the dispute is not resolved and reduced to a written agreement within 30 calendar days of the notification, or another timeline agreed to in writing by the parties, any party may invoke the jurisdiction of this Court. The Court shall

1   schedule such proceedings as may be necessary to hear and resolve the dispute and to
2   enter a final and binding order on said matter.

3      2.  **Injunctive Relief**:  Except as expressly modified below, OPD shall follow the provisions of Training Bulletin III-G, OPD Crowd Control and Crowd Management (2013) in all respects, including but not limited to the provisions of Section IX, "Mutual Aid & Multi-Agency Coordination." In addition to the information and materials specified therein for distribution to mutual aid agencies, OPD will provide copies of this Order to all such agencies. During the period of the Court's continuing jurisdiction, in the event that OPD chooses to modify Training Bulletin III-G, it shall give counsel for plaintiffs advance notification of such changes and shall meet and confer with plaintiffs' counsel regarding such changes before implementing them. In the event counsel for plaintiffs believe that such changes violate the substantive provisions of this Order they may invoke the Court's jurisdiction pursuant to Section 1, above.

      3.  Every OPD police officer shall wear a badge, nameplate, or other device on the outside of his or her uniform or helmet which bears the identification number or name of the officer as required by Penal Code § 830.10, at all times while engaged in law enforcement activities in connection with any demonstration or crowd event in the City of Oakland.

      4.  Every OPD police officer shall utilize a Personal Digital Recording Device (PDRD) and shall have that device activated whenever taking any enforcement action or when ordered to activate their PDRD by a supervisor or commander during a crowd control situation in the City of Oakland.

      5.  No OPD police officer shall use a motorcycle, police vehicle, dog, or horse for crowd dispersal in connection with any demonstration or crowd event in the City of Oakland. Motorcycles, police vehicles, and horses may be used for purposes of observation, visible deterrence, traffic control, transportation, and area control in connection with any demonstration or crowd event.

1  6. No OPD police officer shall use stinger grenades, wooden bullets or wooden batons, rubber bullets or rubber batons, or pepper balls in connection with any demonstration or crowd event in the City of Oakland.

7. No OPD police officer shall use tear gas or other crowd control chemical agents, including orthochlorobenzalmalononitrile, for purposes of crowd management, crowd control, or crowd dispersal in connection with any demonstration or crowd event in the City of Oakland except subject to all of the following:

(a) Crowd control chemical agents shall not be used in demonstrations or other crowd events without the authorization of a commanding officer or incident commander.

(b) Crowd control chemical agents shall only be used if the use is objectively reasonable to defend against a threat to life or serious bodily injury to any individual, including any peace officer, or to bring an objectively dangerous and unlawful situation safely and effectively under control. As an example, an isolated incident of vandalism, without more, does not rise to the level of an objectively dangerous and unlawful situation sufficient to justify the use of crowd control chemical agents.

(c) Crowd control chemical agents shall only be used if other alternatives to force, including but not limited to extraction, encirclement, and multiple simultaneous arrests or police formations have been attempted, when objectively reasonable, and have failed.

(d) Crowd control chemical agents shall not be used for crowd control without first giving audible warnings to the crowd when objectively reasonable to do so, and an objectively reasonable opportunity to disperse.

(e) An objectively reasonable effort must be made to identify persons engaged in violent acts and those who are not, and crowd control chemical agents must be targeted only towards those individuals engaged in violent acts. Crowd control chemical agents shall be deployed to explode at a safe distance

3

from the crowd to minimize the risk of personal injury. Incidental impacts on peaceful protestors, bystanders, medical personnel, journalists, or other unintended targets shall be minimized.

(f) If crowd control chemical agents are contemplated in crowd situations, OPD shall have medical personnel on site prior to their use and shall make provision for decontamination and medical screening to those persons affected by the chemical agent(s). Medical assistance shall be promptly provided for injured persons when it is reasonable and safe to do so. An objectively reasonable effort will be made to extract individuals in distress.

(g) Members shall use the minimum amount of chemical agent necessary to obtain compliance in accordance with Department General Order K-3, USE OF FORCE.

8. No OPD police officer shall use Direct Fired Specialty Impact Less-Lethal Munitions (SIM) for purposes of crowd management, crowd control, or crowd dispersal in connection with any demonstration or crowd event in the City of Oakland.

9. Beginning no later than 90 days after the Court's Order approving this Permanent Injunction and no less than every 18 months thereafter during the period of the Court's continuing jurisdiction, OPD shall conduct a special training session for the Chief of Police, all Deputy and Assistant Chiefs, Incident Commanders, Operations Commanders, and Tango Team members concerning Training Bulletin III-G and this Injunction. Plaintiffs' counsel shall be provided the opportunity to provide input into the curriculum for the special training sessions and to attend those sessions.

10. No later than 90 days after the Court's Order approving this Permanent Injunction, OPD shall conduct a special training session for all officers who may be assigned to participate in law enforcement duties in connection with protests and demonstrations on the proper writing of incident reports. That training shall include explicit prohibition on the use of boilerplate and inaccurate or misleading language in

4

such reports. Thereafter this training shall be incorporated into OPD's Report Writing Manual and regular training on writing incident reports.

11. On any occasion in which the Oakland Police Department requests mutual law enforcement aid for large demonstrations and mass gatherings, OPD shall do the following:

(a) OPD shall ensure mutual aid agencies are briefed on OPD's Crowd Control Policy.

(b) OPD shall brief mutual aid agencies on OPD's Unity of Command structure and, to the extent possible, ensure mutual aid agencies are in agreement with it.

  (i) Under OPD's Unity of Command structure, only OPD Commanders may authorize the use of chemical agents for crowd control and dispersal. However, OPD officers and mutual aid officers may use reasonable or necessary force as allowed by law against an individual in self-defense or in defense of another person or officer.

(c) OPD shall inventory the types of less-lethal crowd control weapons brought by mutual aid agencies. Should a mutual aid agency bring less-lethal crowd control weapons that are not authorized under OPD's Crowd Control Policy, OPD shall do the following:

  (i) Require those agencies to quarantine the weapons that are not authorized; or

  (ii) Assign officers of those agencies to support functions that will not have primary contact with crowds and thus are not likely to involve the use of crowd control weapons not authorized by OPD, unless there is a public safety emergency.

(d) While OPD cannot direct or control all uses of force by officers of mutual aid agencies, to the extent possible, OPD shall ensure that officers of mutual aid

agencies do not use weapons or force that is prohibited under OPD's Crowd Control Policy.

**IT IS SO ORDERED.**

Dated: December 19, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge